IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRISTIAN A. RODRIGUEZ-LOPEZ #18492-078 | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:14cv740 CRIMINAL ACTION NO. 4:11cr3(12) |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of the case, has been presented for consideration. Movant filed objections, complaining that the Report failed to address whether trial counsel was ineffective during closing arguments. Movant concedes that he failed to properly raise the issue by listing it on his Section 2255 form, but asks the court to consider it as he discussed it in his supporting memorandum.

In the interest of justice, the court has reviewed Movant's ineffective assistance of counsel claim and finds it is without merit. Movant asserts counsel was ineffective during closing arguments by conceding his guilt without his permission. During closing arguments, Movant's counsel argued that Movant was not a major participant in the conspiracy, but rather, he married into the family and made small profits from his wife's family business by selling marijuana and issuing depreciating-value loans. Based on the evidence introduced at trial, which included Movant's handwritten notes showing Movant's involvement, counsel conceded Movant's guilt, but urged the

1

jury to consider Movant's minor role and the relatively small quantity of marijuana attributable to his involvement.

Counsel has wide latitude in deciding how best to represent a client, and deference to tactical decisions in closing arguments is particularly important. *Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003). Counsel's recognition of evidence against his client, as a rational trial strategy, is not ineffective assistance, even if the client is not consulted. *Id*. Movant fails to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). He also fails to show there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. After conducting a *de novo* review of the objections, the court concludes the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the court.

It is accordingly **ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this the 26th day of March, 2018.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE